## SULLIVAN *v.* METROPOLITAN LIFE INS. CO.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

LIFE INSURANCE—MISREPRESENTATIONS IN APPLICATION.

> A policy of life insurance was issued on a representation, warranted as true, by the assured that he had never been sick, and had never been attended by a physician. In an action on the policy it was proved that, less than a month before the policy was issued, he had been ailing, and a physician had attended him. *Held,* that there was a misrepresentation of material facts, and a breach of the warranty, without proof of intent to defraud on the part of the assured.

Appeal from first district court.

Action by Ellen Sullivan against the Metropolitan Life Insurance Company, on a policy of life insurance. The defense was breach of warranty of the truth of representations by the insured. Defendant appeals from a judgment for plaintiff.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*William H. Arnoux,* for appellant. *Morris W. Hart,* for respondent.

PER CURIAM. The judgment appealed from must be reversed. The gist of the defense is not, as counsel for respondent supposes, fraud on the part of the insured in the making of the representations upon the faith of which the policy was issued to him, but breach of an express warranty of the truth of such representations. The intent to defraud is not therefore a constituent element of the defense. It is sufficient for the defendant to show that the insured made a material representation relying upon which the defendant accepted the risk of insurance; that the insured expressly warranted such representation to be true; and that in fact it was not true. See *Foot* v. *Insurance Co.,* 61 N. Y. 571. In the case at bar the insured represented that he had never been sick, and had never been attended by a physician; yet the uncontroverted testimony of the plaintiff, the mother of the insured, and the beneficiary under the policy, brought out on cross-examination, shows that the insured was ailing and had been attended by Dr. Harrill within less than a month before the issuance of the policy. This was a misrepresentation of material facts, and a breach of the warranty of the truth of the representations upon which the policy was issued, and, pursuant to the terms thereof, rendered the policy void. Nor can it help the plaintiff that the agent of the defendant who solicited the insurance and aided in the preparation of the insured's application knew the representations therein contained to be false and untrue. See *Foot* v. *Insurance Co., supra.* Judgment should be reversed, with costs.